USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 11/09/2026

LAW OFFICES
WILLIAMS & CONNOLLY LLP
680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

BENJAMIN M. GREENBLUM
(202) 434-5919
bgreenblum@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 5, 2026

**VIA EMAIL**
Hon. Nelson S. Román, United States District Judge
U.S. District Court for the Southern District of New York
Hon. Charles L. Brieant Jr. U.S. Courthouse, 300 Quarropas Street
White Plains, New York 10601-4150

Re: *Iman Pharmacy, Inc. v. Bristol-Myers Squibb Co.*, No. 7:26-cv-06841-NSR

Dear Judge Román:

On behalf of Defendant Bristol-Myers Squibb Company ("BMS"), I write in accordance with paragraph 4.A of the Court's Individual Rules regarding applications to file material under seal. BMS seeks to redact and file under seal certain non-public, confidential, and commercially sensitive information contained in the parties' briefing for Iman Pharmacy, Inc.'s Motion to Remand ("Motion") to be filed with the court on November 5, 2026. Specifically, BMS's Oppositon to the Motion ("Opposition"), Exhibit 1 to the Opposition, and Iman's Reply ("November 5 Reply") each contain BMS's proprietary sales figures for the current year. *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *2 (S.D.N.Y. Mar. 22, 2021). In addition, the October 26 version of Iman's Reply filed on the docket before the briefing deadline set by the court ("October 26 Reply")—which the Clerk's Office placed under seal[1]—includes percentages that, with other information in the parties' briefs, could allow competitors access to confidential information regarding BMS's current sales. *See* ECF 14.

BMS and Iman intend to file the Opposition, Exhibit 1, and the November 5 Reply with narrowly tailored redactions of the BMS's proprietary sales figures—and only these sales figures—for the current year. BMS respectfully requests that the Court maintain under seal the narrowly tailored redacted portions of these submissions. Likewise, BMS requests that the October 26 Reply found at ECF 14 be struck from the docket or maintained under seal. If the latter, BMS will work with Iman to file a version of the October 26 Reply found at ECF 14 with narrowly tailored redactions. We understand that Iman does not oppose the relief requested in this letter.

---

[1] Iman docketed its reply, rather than serving it, as required. After the parties conferred, Iman contacted the Clerk's Office to seal ECF 14 pursuant to ECF Rule 21.7's procedures for emergency sealing requests and contacted the Court to request that ECF 14 be removed from the docket. Iman is timely filing today an updated version of its reply.

Although the right of public access to judicial documents is "firmly rooted" and "well established," courts balance certain "countervailing factors" against this "common law presumption of access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Second Circuit in *Mirlis v. Greer* explains how the Court should "determine whether the presumption of public access attaches to a particular document and bars sealing." *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *4 (S.D.N.Y. Mar. 31, 2021) (citing 952 F.3d 51, 59 (2d Cir. 2020)). The court must first determine whether a document is "judicial"—that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* If the document is "judicial," then the court must next assess the "weight" of the resulting presumption of access; the court determines weight based on the "role of the material at issue in the exercise of Article III judicial power." *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). And finally, the court "must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* (quoting *Mirlis*, 952 F.3d at 59). Such countervailing factors include the confidentiality of sensitive information, like confidential information about "sources of revenue and the amounts of its . . . sales." *Id.* at *5, *6.

Here, BMS seeks to redact figures in its Opposition, Exhibit 1 to its Opposition, and Iman's November 5 Reply because they contain BMS's internal sensitive and proprietary business information. More specifically, BMS seeks to redact two unreleased sets of sales figures for Revlimid® for the current year, as well as two percentages that could allow one to reverse engineer those non-public sales figures. Disclosure of these figures absent the proposed, narrowly tailored redactions risks causing BMS competitive harm because it would disclose BMS's non-public data. *See* Decl. ¶ 5. "[A] competitor could use [this] information concerning sales figures to upend the . . . market and disrupt [BMS's] business model." *Flambeau*, 2021 WL 1085338, at *2. The Second Circuit has held that competitive harm resulting from the disclosure of such sensitive business information can overcome the presumption of public access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming that a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Kewazinga Corp.*, 2021 WL 1222122, at *6 (sealing a party's confidential and proprietary business information because disclosure "could indeed harm [the party] or advantage its competitors").

For similar reasons, to the extent the Court does not strike the October 26 Reply (ECF 14) for failing to comply with the Court's directions in ECF 13, BMS seeks to maintain ECF 14 under seal and to work with Iman to file a version of ECF 14 with narrowly tailored redactions. ECF 14 contains one of the same percentages described above that could allow a competitor to reverse engineer BMS's sales figures, and it should be sealed for the reasons described above.

Dated: November 5, 2026

Respectfully submitted,

*/s/ Benjamin M. Greenblum*
Benjamin M. Greenblum
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue, Suite 1500
New York, NY 10019

CC: Nizar A. DeWood, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IMAN PHARMACY, INC.** (*d/b/a/ Fleetwood Specialty Pharmacy*), Plaintiff<br>vs.<br>**BRISTOL-MYERS SQUIBB COMPANY,** Defendant. | **Case No. 7:26-cv-06841-NSR** |

**DECLARATION OF BENJAMIN M. GREENBLUM IN SUPPORT OF BRISTOL-MYERS SQUIBB COMPANY'S LETTER MOTION TO SEAL MOTION TO REMAND PAPERS**

I, Benjamin M. Greenblum, declare:

1. I am a partner at the law firm Williams & Connolly LLP, located at 650 Fifth Avenue, Suite 1500, New York, NY 10019, which is counsel for Bristol-Myers Squibb Company ("BMS") in the above-captioned matter. I am over the age of 18, have personal knowledge of the facts stated herein, and if called to testify could and would competently testify to these facts.

2. I make this declaration in support of BMS's Letter Motion to maintain under seal certain 2026 sales figures in BMS's Opposition to Iman Pharmacy, Inc.'s Motion to Remand, Exhibit 1 to BMS's Opposition, Iman's Reply in support of its Motion to Remand, and, to the extent it remains on the docket, the version of Iman's Reply that Iman docketed at ECF 14[1] (collectively, "Motion to Remand Papers").

3. The sales figures in the above-identified submissions that BMS seeks to redact reveal BMS's sensitive and proprietary business information, specifically, competitively

[1] Iman inadvertently docketed its reply, rather than serving it, as required. After the parties conferred, Iman contacted the Court to request that ECF 14 be removed from the docket, and Iman is timely filing today an updated version of its reply.

sensitive sales figures for Revlimid® for the current year that are not public. These figures were gathered by BMS's declarant from internal systems that are maintained confidentially within the company. *See* BMS Opposition, Exhibit 1.

4. BMS respectfully requests that sales figures reflecting its confidential and proprietary business information—and only such figures—be maintained under seal as redacted in the public version of the Motion to Remand Papers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on this 5th day of November, 2026

*/s/ Benjamin M. Greenblum*

Benjamin M. Greenblum

The Court is in receipt of Defendant's request for leave to file the documents indicated herein under seal and to file a redacted copy on the docket. Plaintiff's request is GRANTED on the consent of both parties. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 15.

Dated: November 9, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge